Good morning, Your Honor, and may it please the Court. My name is Nedra Ruiz. I'm appearing here especially for Mr. Lawrence Jeffrey Lichter, attorney of record for Dr. Fry. Mr. Lichter is ill with torn Achilles, and that is why he is unable to appear before the Court. And we thank the Court for the need to not allow the substitution since I just finished six months of rehab with a torn Achilles tendon. So you go right ahead. Thank you, Your Honor. Wish him the best. Thank you very much. He'll be very thrilled with your good wishes. Your Honors, Dr. Fry appeals to the Court today objecting to the arbitrary and capricious revocation of her Certificate of Registration by the Drug Enforcement Agency. This case boils down to, doesn't it, whether the appeal from the agency determination was timely or whether one was requested? I don't believe so, Your Honor. We But you concede that's at least an important point. Not at this point, Your Honor. I believe that this Court should concern itself with the fact that Dr. Fry had her registration stripped from her because she complied with California State Law 11362.5 of the Health and Safety Code, otherwise known as the Compassionate Use Act, and she was And that's all she ever did. She had a What we're reviewing, as I understand it, is the decision, the final order of the DEA, which was based upon an untimely their conclusion that the appeal was untimely. Is that right? Isn't that technically what we're reviewing? It's my understanding that we are reviewing the decision of the DEA to revoke her Certificate of Registration. Now, they have, the DEA has revoked her Certificate of Registration without a hearing. There are two issues. Was she entitled to a hearing? Did she request one timely? We believe that there was ample evidence in front of the DEA that she wanted a hearing. She was putting forth her request for a hearing even before the last appeal to the Ninth Circuit. Well, let me try the question this way. This is the second, an appeal or attempt to review, the second action by the DEA, correct? That's correct. When the first one was entered, she petitioned the DEA and told them that her lawyer had sent in a timely appeal and somehow it got lost in the mail or something like that, right? That's correct. And the agency denied that, but in its denial told her that if she had declaration or affidavit proof of that, she should renew her appeal to the DEA and attach a declaration or affidavit. Am I correct on that? That's correct. And when she filed the second appeal, did she do that? No, she did not, Your Honor. Her counsel did not append David Nick's declaration regarding the request for the hearing. And why? We had already requested a hearing. The DEA knew that Dr. Frey wanted a hearing. The question was not whether or not she wanted a hearing. The DEA administrator knew she wanted a hearing. The DEA knew she objected to being deprived of her right to prescribe medicines because of her compliance with Health and Safety Code 11362.5. And now I think there are two issues before the court. Did the record in front of the DEA administrator support the administrator's conclusions? We believe that it was clear error. The administrator was using as a basis for every conclusion the DEA's avowed vendetta against valid California law permitting the use of medicinal marijuana and permitting doctors to recommend the use of marijuana, which is all Dr. Frey ever did. And as a matter of fact, the record in front of the administrator was overwhelming that when people came to Dr. Frey's office, she and her lawyer husband would educate them about the state law rights that they were enjoying, as well as the complications due to the fact that federal law still regards marijuana to be akin to heroin or crack cocaine or methamphetamine. Please listen to the question, okay? Presume for the purpose of this question that one or more judges on this panel view what we're reviewing here today. Is the decision of the DEA to decline to reopen the examination of the decision that led to the revocation of Dr. Frey's license, okay? Just assume that. Why should we overturn that decision to not reopen, given the sequence of events? I think that that area, that subject has to be viewed in light of the fact that Dr. Frey was complying with state and federal law at the time. Yes, and if she had filed a timely appeal from the revocation of her privileges, the DEA would have examined that and made a substantive determination about it, and then a timely appeal to petition for review to this Court would have enabled us to look at that. But what's in front of us now is the decision of the DEA to refuse to reopen the earlier closed proceeding. Why should we do that? Your Honor, the Understanding that even if we did, we wouldn't examine the substance of the reasons for the initial revocation. In our brief, we cited a case called Humphrey, which indicates that the entire record of a trial was before the DEA administrator and should have been taken into account by the DEA administrator. In our ‑‑ it's our contention regarding the timely request for hearing issue that we put before the appellate court Mr. Nick's request for hearing. Our entire appeal was based upon the argument that Dr. Frey wanted a hearing, and both of those actions on the part of Dr. Frey, the fact that she appended Mr. Nick's declaration, as well as the fact that her appeal to this Court was premised upon the fact that she wanted a hearing, those two facts should have persuaded the DEA administrator to reopen the matter to allow an evidentiary hearing for Dr. Frey. Because Dr. Frey was not before the DEA because of bad medicine, malpractice, any allegation that she had sold marijuana, processed marijuana for money, the only allegations in front of the administrator were those to the effect that she wanted a hearing. I think the panel fully understands your position on the substantive issue. Do you have anything to add to our review of the decision to fail to reopen your client's appeal to the agency? Well, yes, Your Honor. When Dr. Frey was involved in the activities that were alleged to be against the public interest, she was actually acting in the public interest because she was acting in conformity with Federal law and State law. But back on the substance, do you have anything to add to help the panel reach a decision to listen to the question, help the panel reach a decision on whether the DEA should be instructed to go ahead and reopen the proceedings, not the substance, but whether they should reopen the proceedings? Other than the fact that she had made repeated requests for reopening. You've told us about that. No, Your Honor. And I would reserve the balance of my remarks for rebuttal. Thank you very much. We'll hear from the agency at this time. Mr. Todd. Good morning, Your Honors. May it please the Court. My name is James Todd, counsel for the government. This Court should affirm the deputy administrator's denial of Dr. Frey's second motion to reopen the administrative record for two reasons. First and foremost, Dr. Frey failed to present any arguments about new evidence in front of the DEA, and cannot now raise them for the first time in front of this Court. And second, Dr. Frey failed to present any actual new evidence before the DEA and cannot now ask this Court to consider extra record evidence. The bulk of Dr. Frey's second request to reopen, and a large part of the brief before this panel, are devoted to the idea of newly raised evidence. Dr. Frey will demonstrate at a hearing. If a hearing is granted, Dr. Frey can demonstrate. Should a hearing be granted, Dr. Frey will demonstrate. If granted a hearing, Dr. Frey can demonstrate. And the substance of that argument before the DEA and a large part of the brief before this Court concerns whether or not the DEA's actions violated the permanent injunction entered in Conant v. McCaffrey, which I believe this Court might be familiar with, but I'd be happy to review the details. However, the earlier panel of this Court has already rejected Dr. Frey's attempts to reopen the record based on newly raised evidence. For reasons of both stare decisis and issue preclusion, Dr. Frey cannot now reopen the administrative record based on newly raised evidence she introduced in her second motion to reopen the administrative record. With respect to stare decisis, this Court is bound by the earlier panel's ruling on this point. With respect to issue preclusion, the issues raised in Dr. Frey's second request to reopen are almost identical to those raised in her first brief to the earlier panel. The issue was actually litigated in front of the earlier panel. Breyer. You used the word almost. They're not quite the same, are they?  Feigin. There are declarations attached to the second request to reopen. Breyer. Is that the focus of this? I mean, we boil it down. It's what's new in those declarations. So why don't you address that? Feigin. Sure. Breyer. And tell us why it's not new and that the agency's decision to reject those portions that were new wasn't arbitrary and capricious. I mean, that's where the case comes down to for me. Feigin. Well, actually, if I can back up for a moment, Your Honor, the standards are set by the Supreme Court in this circumstance, where the agency has no regulations. Roberts. I understand the standards, counsel. Why don't you respond to the question? Feigin. Sure. I'm glad to, Your Honor. Thank you. The issue in the second the declarations attached to the second motion reopened, about which no arguments were made, were those made by Dr. Frey herself and her husband that they asked their counsel to secure a hearing. They did not, in fact, state in those declarations that a hearing request was filed with the DEA administrator. Second, they did not attach the declaration of Attorney Mr. Nick, who stated that he filed a written request for a written hearing. Now, DEA regulations are very clear on what is required to request a hearing. A ---- Roberts. When do you excuse those requests? When does the DEA excuse those requests based on ineffective assistance of counsel? Feigin. I don't believe that in this kind of civil administrative proceeding, the issue of ineffective assistance of counsel has come before the DEA, and they've had to consider that matter. Roberts. Do you know? Feigin. I'm not aware of any situation where they have excused it. I do think that the DEA has a right to do that. Roberts. So when this Court sent it back and asked, provide affidavits for excuse, your side in the DEA was ignoring that? Feigin. No. In fact, there was ---- Roberts. Your excuse is we told our lawyer to file a request for a hearing, and basically it looks as though he didn't do it. Feigin. That's correct, Your Honor. In fact, this Court, I think, was very precise in what evidence and what arguments Dr. Frey should have brought before the DEA. And in its denial of Dr. Frey's second petition to reopen, again, the DEA bent over backwards to say, we are very aware of what the Ninth Circuit set out as what might be sufficient, and we're very aware of where this falls short. And they, in fact, made credibility determinations that the evidence that Dr. Frey chose to put forward did not in any way suggest that a request for a hearing was filed. Roberts. I think my question is somewhat different. I mean, in other administrative contexts, and I gather and I understand you would have no reason to know this, but in other administrative contexts, the agency develops rules on ineffective assistance of counsel as an excuse for late filing, and they have standards that they enforce. You don't know whether or not the DEA has such standards and if they've applied them before. Is that what you're ---- I'm not aware of whether they've applied them. I will say this. If it's only about the right to a hearing, there is nothing to stop Dr. Frey from filing a new petition for a new DEA registration. And unless the DEA were to grant her the registration without, you know, pause, of course, there wouldn't be a hearing in that situation. But if there was any recommendation from the Office of Diversion Control that her application be denied, she would, in fact, be entitled to a hearing. So that's, I think, how DEA expects to deal with this kind of situation where they've got a final decision, the ---- and the Petitioner has presented no reason to reopen the record. Let me put the question slightly differently. In other contexts, and I understand that you would have no reason to know this, when we're faced with this situation, what we review is the decision of the agency not to reopen. And if someone tenders and says, my attorney was ineffective, I asked my attorney to file this appeal, my attorney did not file the appeal timely, then we review that decision as to whether the agency's rejection of that for on the basis of whether that decision was arbitrary and capricious based on the record. Can you help us at all with how the DEA handles these other than what you've said? Because what you seem to be saying in your argument is there is no excuse. Unlike other administrative agencies, the DEA will not accept any excuse for a late filing. We want you to file a new petition. Is that true or is it not? I don't think that is, Your Honor, because had the DEA had arguments put before it about an ineffective assistance of counsel claim, the DEA could have considered those along with any evidence used to support those arguments. There is no indication that that happened here. There is merely a single mention in Dr. Frye's second request to reopen that she engaged an attorney. She doesn't even say that she – I'm sorry, Your Honor. She doesn't even say in anywhere in her second request to reopen that she – that she asked the attorney to ask for hearing or, more importantly, that the attorney, in fact, filed a request for a hearing. Right on page 1 of the ER-93, the excerpt of the record. I'm sorry, Your Honor. The initial denial was basically without prejudice. Isn't that correct? Yes, Your Honor. And, in fact, invited Dr. Frye to file a renewed request with an affidavit attached demonstrating the circumstances. Is that correct? That's correct, Your Honor. And when the second request was filed, there was no such declaration or affidavit? Yes, that's correct, Your Honor. And no arguments. That is what the – our prior panel reviewed? What, in fact, the prior panel reviewed was a request to reopen that had no declarations attached to it of any sort. But by the time the decision came before the panel, the declaration had been filed as part of the appellee – appellant's excerpts of records. Had that declaration been sufficient as a basis to reopen the record, that panel could have, in fact, remanded the decision at that time and it suggested that the agency reopen the record. Instead, that panel affirmed the agency's decision not to reopen the record. And I would – I would suggest that that decision is – is binding on this Court. Except for the two new things. Go ahead, I'm sorry. You said that if Dr. Frye wants a hearing, there's nothing to prevent her from putting in an application for a new license, and then they'll say, this is denied because you have been found to have been unlawfully distributing marijuana and your license was revoked for that reason. And she says, well, yes, but that was a wrong thing. And you say – the DEA will then say, no, it's final, it's done, we're bound by that decision. Denied. Denied. I don't think so, Your Honor. And then you'll be up here saying there was no reason why the DEA had to reexamine its earlier ruling. Well, I think that it is true that if the Office of Diversion Control were to recommend denial of a new application, and Dr. Frye were to request a hearing, there would, in fact, be an evidentiary hearing. The DEA would put on its evidence of the reason. Might be confined to whether or not it was arbitrary for the DEA to rely on its earlier final decision, the decision you're talking about. Well, I don't think there's any suggestion they would rely on the earlier final decision, Your Honor. I think at that time, they would put on witnesses to support their findings of fact. And Dr. Frye would put on her witnesses and subject the DEA's witnesses to cross-examination. I guess we're speculating on what they'd do. I think that's right, Your Honor. But I do think that then if, in light of everything that transpired at a hearing, the DEA were to still issue a final decision, and Dr. Frye were to timely file an appeal to this Court again, then we would be reviewing the underlying merits of that final decision. Okay. I think we understand your argument. Thank you for coming in today. Thank you. Revatel. Just briefly, Your Honor, the government concedes that Dr. Frye filed a formal written request requesting a hearing that was received by the DEA. The government concedes that before this matter went to the previous appellate panel, the DEA received Mr. Nick's declaration regarding his mailed request for a hearing. On those facts, Your Honor, it's clearly erroneous not to open the hearing regarding Dr. Frye's registration, and it's clearly an abuse of discretion to deny her and revoke her registration. Thank you, counsel. Thank both sides for their argument. The case that's argued will be submitted for decision, and the Court will stand in recess for the day.
judges: Canby, Thompson, Hawkins